Chief Justice Robertson
delivered the Opinion of the Court.
Tipton claiming, as an actual settler west of the Tennessee river, a pre-emptive right to a quarter section of land in that district of Kentucky, obtained a decree for the legal title against Burgess, who had appropriated it as vacant land, in the year 1832.
And the correctness of that decree is now to be considered.
The decree is, in our opinion, erroneous.
If, under any circumstances, Tipton should be entitled to such a decree, his allegations and proofs in this *541 case, are so discordant and unsatisfactory as to be altogether insufficient to sustain the decree he has obtained.
A comp’t who sets up a pre emptive right by virtue of an improvement & c., made by himself, cannot avail himself of proof that he had purchased the right of another.
The allegata & probata must agree.
A pre emptive right under the act of 1831, for the benefit of the actual settler west of the Ten river is vendible, & may be transferred, and inure to the benefit of the purchaser.
The settler who has sold his preemption is a necessary party to the bill of his vendee, to assert the right, and the bill must allege the fact of the transfer & c.
First—his bill does not allege that he was an actual settler on the land claimed by him; and his proof shows that he never was such a settler. Second—his bill claims an equity in the land in consideration of an alleged improvement of it by himself, and of his residence in the country west of the Tennessee river, prior to the 1st of November, 1831; and his only proof is, that his witness heard that he had, in the spring of the year 1832, bought the interest of one Tittle, who had a cabin upon the land, and had raised two crops upon it; and that testimony, not corresponding with any allegation in the bill, was therefore inadmissible, and clearly insufficient to authorize the decree upon the bill, claiming relief on a ground entirely different from that attempted to be established by the proof. Third—it does not clearly appear that even Tittle was an actual settler on the land on the 21st of November, 1831, or even at any time; and, fourth—if he had been such a settler as was entitled to a pre-emptive right under the act of assembly of November 21st, 1831, (2 Stat. Law, 1064,) and if also he sold and transferred that interest to Tipton, he, as well as Tipton and Burgess, should have been a party to this suit; and the bill ought to allege the facts essential to show that he had a pre-emptive right, and had made a valid transfer of it to Tipton.
If he had such a right, we are of the opinion that it was vendible and transferrable, and that, if it was sold and transferred to Tipton, prior to the expiration of the period of pre-emptive privilege, he had an available right to that privilege, and which he manifested a determination to avail himself of, by his offer to enter the land prior to the 21st of November, 1832.
Decree reversed, and cause remanded, with leave to amend the bill, and make the proper parties.
And Tipton must pay to Burgess the costs in this Court.